FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 08, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANCISCO RUIZ-NIETO, | No. 1:24-CV-3169-MKD |
| Petitioner, | ORDER OF DISMISSAL |
| vs. | |
| JEREMY WELCH, | |
| Respondent. | |

On October 22, 2024, the Court received Petitioner Francisco Ruiz-Nieto's *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. ECF No. 1. The following day, the Clerk's Office instructed Petitioner to keep the Court informed of any change of address, stating: "If you do not provide written notice of your change of address, the District Court Executive/Clerk cannot be responsible for your inability to receive Court orders and correspondence." ECF No. 3 at 1. This letter was re-mailed to Petitioner at the Yakima County Jail on October 25, 2024. ECF No. 3. On November 7, 2024, mail addressed to Petitioner at the Yakima

ORDER OF DISMISSAL - 1

County Jail was returned with the notation, "OUT OF CUSTODY." ECF No. 4. Petitioner has filed nothing further in this action.

Local Civil Rule 41(b)(2) requires a *pro se* litigant to keep the Court and opposing parties advised as to his current mailing address. If mail directed to a *pro se* petitioner is returned by the Postal Service, he has sixty (60) days to notify the Court and opposing parties of his current address or the Court may dismiss the action. LCivR 41(b)(2).

The Court has an interest in managing its docket and in the prompt resolution of civil matters. *See Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) (affirming district court's inherent power to control its docket); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642-44 (9th Cir. 2002) (discussing factors to consider in dismissing claim for failure to prosecute or failure to comply with court order, including the public's interest in expeditious resolution, the court's need to manage its docket, and the risk of prejudice to defendants). Plaintiff has failed to keep the Court apprised of his current address.

Accordingly, **IT IS ORDERED:**

1. This action is **DISMISSED WITHOUT PREJUDICE** pursuant to LCivR 41(b)(2).

2. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order could not be taken in good faith and would lack any arguable basis in law

ORDER OF DISMISSAL - 2

or fact.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, **enter judgment,** provide copies to Petitioner at his last known address, and **CLOSE** the file.

DATED January 8, 2025.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 3